Roy Nowells v. The State.

No. 8973.   Delivered May 20, 1925.

Rehearing denied June 17, 1925.

1.—Possessing Intoxicating Liquor—Remarks of Judge—Harmless—No Error.

The remarks of the trial judge when the case was given to the jury that he was tired and not well and was going home to rest and would receive their verdict when he returned Monday morning, was not possibly hurtful to appellant.   Remarks of the judge to the jury will not operate to reverse the judgment in the absence of showing of probable harm to the accused. Following Furlow v. State, 47 Tex. Crim. Rep. 12 and other cases. Branch's Tex. P. C. Sec. 269.

2.—Same—Requested Charges—Properly Refused—Covered by Main Charge.

When the issues presented in requested charges are fully and correctly covered by the main charge, such special charges are properly refused.

3.—Same—Evidence—Pertinent—Properly Admitted.

Where on a trial for possessing intoxicating liquor unlawfully, the state proved that at the time and place of the discovery of the intoxicating liquor in appellants possession two of the state's witnesses were present in an intoxicated condition, no error is presented.   The testimony was pertinent to the issues and properly admitted.

4.—Same—Bills of Exception—Incomplete—Not Considered.

Where a bill of exceptions complains of testimony of a witness as to a conversation had by him with appellant's wife, but does not set out what such conversation was, nothing is presented to us for review by such bill.

5.—Same—Hearsay Evidence—Inadmissible—May Be Harmless.

Where hearsay statements and acts of third parties not in defendant's presence are erroneously admitted, such error is not reversible, if such hearsay testimony did not possibly injure appellant.

ON REHEARING.

6.—Same—Evidence—Declarations of Accused—Against Interest—Admissible.

Statements made by accused to a witness, a short while before his arrest that he was going to a neighboring town and bring back several gallons of whisky, and a statement to the same witness subsequently that he failed to get the whisky, were pertinent, against interest and properly admitted.

Appeal from the District Court of Palo Pinto County.   Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for unlawfully possessing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Simpson, Moore & Parker,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was indicted, tried and convicted in the district court of Palo Pinto County, with unlawfully possessing intoxicating liquor, and his punishment assessed at one year's confinement in the penitentiary.

The appellant complains of the action of the trial court as set out in sixteen bills of exception, which we think show no error of the trial court, and are without merit.

The first bill of exception, the court refuses to approve, and states as a reason therefor that the matters didn't occur as stated.

In bill No. 2, there is complaint against the statement of the court to the jury to the effect that the court was tried and was not well and was going home to take a rest and that he would receive their verdict when he returned Monday morning. The jury returned a verdict in about forty minutes thereafter and the appellant contends that this statement induced the jury to bring in a verdict of conviction. We are unable to agree to this contention and see nothing in the bill that would indicate that the jury could infer from the statement of the court that he thought the defendant was guilty or that he thought he was not guilty, and unless they could infer from the actions and statements of the courts that the court thought him guilty there could be no error in this particular. The record discloses that this occurred on Saturday. In Branch's P. C., Sect. 269, it is stated "remarks of the judge to the jury will not operate to reverse the judgment in the absence of showing of probable harm to the accused." Furlow v. State, 47 Tex. Crim. Rep. 12; 51 S. W. 938, and many authorities there cited.

There is complaint raised to the refusal of the court to give to the jury certain special charges requested by the defendant in this case. The issues raised in these special charges were fully covered by the court's general charge, and there was no error in refusing same.

In bill of exception No. 5, it is alleged that the court erred in not requiring the state to elect on which count in the indictment it would try the defendant. The court in his charge to the jury submitted only the second count and thereby eliminated the other count, and there is no merit in this contention.

In bill of exceptions No. 6, it is contended that the court erred in permitting the testimony of the state's witnesses to show that Mr. and Mrs. Hughes were in a state of intoxication at the time and place of discovering the wine in question, for which the defendant was convicted. We fail to see any error in this particular, as the

appellant was charged with possessing and selling intoxicating liquor, and evidence, showing the presence of witnesses on the ground and at the time and place in question intoxicated, would be a circumstance for the jury to consider on the state's theory of the case.

Bill of exception No. 7, complains of one of the state's witnesses testifying to having a conversation with wife of defendant. Said bill is defective in that it does not set out what the conversation was.

Bill of exception No. 9, complains of the action of the court in permitting state's witnesses to testify that the prosecuting witness Massey was drunk and vomited in the yard of the jail. We fail to see where this evidence threw any light in any way on the issues involved and are unable to see in what way it was harmful to the defendant. The bill does not state any fact that we can see that shows that this testimony was injurious to defendant in any way.

In bills No. 11 and 12, and 16, the appellant complains of the action of the court in permitting the sheriff and prosecuting witness Massey to testify concerning the trade they had between themselves, relative to Massey going to the home and place of defendant for the purpose of ascertaining whether or not he, the defendant, was selling intoxicating liquor, and said prosecuting witness Massey getting a pint of whiskey from the sheriff and taking it along with him to be used by him to obtain said information, because all of said acts and conduct was hearsay and unknown to the defendant. As a rule such testimony is inadmissible and is reversible error where it affects the defensive theory of the case, and not shown to have been known to the defendant. But after a careful consideration of these bills which show a conversation between the sheriff and prosecuting witness to the effect that he was sending said witness to the town of Dalton City where defendant was in business and there see if the Dean Law was being violated; and appellant's counsel on cross-examination, showed said witness took a pint of corn whiskey with him; then on redirect examination the state showed by said witness, his reasons for taking the whiskey was to get in with the defendant and see if they were selling whisky. We think this testimony was proper under the circumstances of this case. The mere fact that the evidence showed on direct examination that the sheriff sent said witness to investigate the violation of the Dean Law was not error. Branch's P. C., Sect. 1930 states: ''Proof of movements of deceased not known to defendant may be admitted if it is a mere matter of inducement and does not affect a defensive theory.'' Bozanno v. State, 60 T. C. R. 507; 132 S. W. 777, and other authorities.

In the Bozanno case, *supra*, Judge Ramsey states the case in which the actions, declarations and intentions of a decedent are held not to be admissible against the defendant who has no notice of them has always been limited to cases where the issue of self defense arose in the case, and where said actual movements of the deceased

could be held to be hostile in their character and when such defend-
ant had a right to act upon apparent hostile movements towards him
which might, if the rule permitted it, be shown to be in fact innocent.
It can have, we think, no application to such a case as this, and
the objection is untenable.

It will be observed from the authorities, *supra,* that the objections
raised to this testimony would not apply to the instant case and
would only be applicable to cases, as stated by Judge Ramsey, where
the question of self defense was involved.

In the absence of the record showing that the defendant has not
had a fair trial this court will be unauthorized to reverse the case
under Art. 743 of the C. C. P.

After a careful consideration of all the bills presented by the
appellant in the case, and the entire record, we are of the opinion
that there is no reversible error shown in the trial court, and the
judgment should be and is hereby affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been
examined by the Judges of the Court of Criminal Appeals and
approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant complains of our disposition
of his bill of exceptions No. 6 taken to the introduction by the State
of testimony to the effect that when the sheriff went to appellant's
place shortly after the commission of the alleged offense, he found
A Mr. and Mrs. Hughes in the house drunk.  The principal State
witness, by whom the fact was sought to be established that appellant
possessed the intoxicating liquor for purposes of sale, was one Massey,
and we note that in his cross-examination it was drawn out of the
witness Massey by appellant's attorney that at the time this witness
was in appellant's place and bought the alleged intoxicating liquor.
Mr. and Mrs. Hughes were there drinking.  The truthfulness of
Massey's testimony being disputed, and the fact of appellant's
possession on said premises of any intoxicating liquor being also
disputed, we are of opinion that the State was within its rights in
showing that two of the parties seen at appellant's house drinking, by
witness Massey,—were found there intoxicated a little later by
another witness.

Fault is also found with our disposition of bill of exceptions No. 7.
The complaint therein set forth is that appellant's wife having denied
that she had a conversation with a named witness, said witness when
put upon the stand by the State in its rebuttal was permitted to
testify that in fact appellant's wife did have a conversation with

him. Manifestly it would be impossible to decide whether this testimony was hurtful, or whether it was admissible, unless we had before us the subject matter of the conversation. If it was germane and permissible it would be perfectly proper for the State to ask appellant's wife if she had such conversation. The bill of exceptions failing to set out any of said conversation, shows no error.

The issue before the jury being whether or not appellant possessed intoxicating liquor for the purpose of sale, we perceive no error in permitting the introduction of a conversation had with appellant about the time of the commission of the alleged offense, in which he declared his intention to go to a neighboring town and bring back several gallons of whiskey; also of the fact that when returned from said town he explained to witness his failure to get said whiskey. This matter is complained of in bill of exceptions No. 12. We perceive nothing in bills Nos. 11, 14 and 16 which would be incompetent under the facts and issues before the court on trial of this case, and believe said bills of exception were properly disposed of in the original opinion.

The motion for rehearing will be overruled.

*Overruled.*